NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | Crim. No. 05-337 (SRC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| CHARLES CORNISH, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

     This matter comes before the Court on the motion by Defendant Charles Cornish ("Defendant" or "Cornish") for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket items #24 & #29].  In particular, Cornish seeks a reduction based on the retroactive applicability of revised sentencing guidelines for offenses involving cocaine base, i.e., crack cocaine, as set forth in U.S.S.G. § 1B1.10 and § 2D1.1.  The Court has considered Defendant's papers, as well as the papers submitted in response by the United States of America (the "Government") and the memorandum by the United States Probation Office ("Probation Office") setting forth its position on Defendant's motion.  Both the Government and Probation Office take the position that Cornish is ineligible for relief under § 3582(c)(2); however, for the reasons discussed below, the Court will grant Defendant's motion.

**I.**    **BACKGROUND**

     By Judgment dated October 28, 2005, this Court sentenced Cornish to a term of 105

months' imprisonment for count one, Possession with Intent to Distribute Crack Cocaine in the

amount of approximately 2.9 grams in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) and count

two, Possession with Intent to Distribute Crack Cocaine in the amount of approximately 5.5

grams in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).  United States v. Cornish, 05-cr-377, J.

(Oct. 28, 2005) [docket item #23]; Final Presentence Investigation Report (Sept. 8, 2005) ¶ 4

("PSR").  At the time of Cornish's sentencing, the combined quantity of approximately 8.4 grams

of crack cocaine corresponded to a base offense level of 26 according to the United States

Sentencing Guidelines ("Sentencing Guidelines").  (PSR ¶¶ 18-20.)  The PSR, however, found

that Cornish was a career offender under U.S.S.G. § 4B1.1(a) due to prior convictions for

attempted robbery and possession with intent to distribute cocaine.  (PSR ¶ 26.)  His base offense

level was therefore increased to 34 and he was assigned a Criminal History Category VI.  (PSR

¶¶ 26, 82.)  A three-level downward adjustment for acceptance of responsibility reduced

Cornish's total offense level to 31 (PSR ¶¶ 27-28), resulting in an advisory sentencing guidelines

range of 188 to 235 months (PSR ¶ 82).  At the October 28, 2005 sentencing hearing, the Court

concurred with the PSR's recommendations as to the basic sentencing guidelines calculation.

(Sentencing Tr. 13-14 (Oct. 28, 2005).)  The Court then found that Cornish's criminal history

was "substantially overstate[d]" and reduced the Criminal History Category to a level V.

(Sentencing Tr. 14-16.)  The Court also found that the offense level calculation overstated the

seriousness of the offense and the seriousness of Cornish's criminal history and resultingly

calculated an adjusted offense level of 23.  (Sentencing Tr. 16.)  The guideline sentencing range

for an offense level of 23 and a Criminal History Category V was determined to be a range of 84

to 105 months, and, after consideration of the guideline range and the factors in 18 U.S.C. §

2

3553, the Court sentenced Cornish to 105 months imprisonment.  (Sentencing Tr. 16-19.)

After this Court sentenced Cornish, the United States Sentencing Commission amended Section 2D1.1 of the Sentencing Guidelines to reduce the base offense levels for most quantities of crack cocaine by two levels.  The Sentencing Commission included the amendment in its list of guideline amendments which may be applied retroactively, set forth in Section 1B1.10(c) of the Sentencing Guidelines.  The base offense level for crimes involving the amount of crack cocaine involved Cornish's offense was lowered two levels, pursuant to Amendment 706, which would have lowered Cornish's total offense level to 24.  See U.S.S.G. App. C, Am. 706.

On March 26, 2008, Cornish filed this motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c), seeking relief under the retroactively applicable sentencing amendment [docket item #24].  Counsel filed papers on his behalf on June 12, 2008 [docket item #29].

## II.   DISCUSSION

Section 3582(c)(2) provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  As stated above, Amendment 706 lowered the base offense level for possession of between 5 and 20 grams of cocaine base to 24, two levels below the level at the time of Cornish's sentencing.  U.S.S.G. App. C, Am. 706 (Eff. Nov. 1, 2007). Amendment 706 amends U.S.S.G. § 2D1.1, "Unlawful Manufacturing, Importing, Exporting, or

Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or

Conspiracy[.]"  U.S.S.G. § 2D1.1; U.S.S.G. App. C, Am. 706.  It does not address whether a

defendant is a career offender and the sentencing guidelines that accord with that situation.  See

U.S.S.G. App. C, Am. 706.

> A defendant is a career offender if
>
> (1) the defendant was at least eighteen years old at the time the defendant
> committed the instant offense of conviction; (2) the instant offense of conviction
> is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of
> violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  The Sentencing Guidelines provide for offense levels specific to career

offenders that apply where the underlying offense carries a lesser offense level than the career

offender provision.  U.S.S.G. § 4B1.1(b).

> The Court finds that relief under § 3582(c) is warranted in this case.  As recently

explained in United States v. Rivera,

> Section 3582(c)(2) provides the authority to reduce a sentence only if "such a
> reduction is consistent with applicable policy statements issued by the Sentencing
> Commission" and the applicable policy statement, § [1B1.10(a)], provides that if
> "the guideline range applicable to th[e] defendant has been ... lowered as a result
> of an amendment to the Guidelines Manual listed in subsection (c) below, a
> reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. §
> 3582(c)(2)."  U.S.S.G. § [1B1.10(a)].  Thus, "a reduction under § 3582(c)(2) is
> not authorized unless an amendment reducing the applicable guidelines range is
> among those listed in § [1B1.10(c)] [of the Sentencing Guidelines]."  United
> States v. Wise, 515 F.3d 207 (3d Cir. 2008).

United States v. Rivera, 535 F. Supp. 2d 527, 529-30 (E.D. Pa. 2008); see also United States v.

Poindexter, __ F. Supp. 2d __, __, 2008 WL 1946821 at *2 (E.D. Pa. 2008).

> In the case at hand, the Court granted a downward departure pursuant to U.S.S.G. §

4

4A1.3, reducing the criminal history calculation by one point to a level V and acknowledging that level V "is where the defendant would be under an ordinary criminal history calculation anyway[.]" (Sentencing Tr. 15:23-24.) The Court then reduced the offense level to "the offense level which would be consistent with the underlying crime in this case[.]" (Id. at 16:11-13.) Therefore, although these downward departures were from the § 4B1.1 Guidelines based on the Court's determination that Cornish's criminal history was overstated, they resulted in a sentence that was exactly as proposed by the Sentencing Guidelines under § 2D1.1. In effect, the Court did not sentence Cornish as a career offender. The Court instead sentenced Cornish under § 2D1.1, imposing a sentence that was, at the time, in accord with a non-career offender who had been convicted of two counts of Possession with Intent to Distribute Crack Cocaine. As such, the reductions provided for in Amendment 706 apply to the case at hand. United States v. Nigatu, 2008 WL 926561 at *1-*2 (D. Minn. Apr. 7, 2008); Poindexter, __ F. Supp. 2d at __, 2008 WL 1946821.

The Court will reduce Cornish's sentence consistent with the retroactively applicable revised Sentencing Guidelines. As Cornish was convicted of two counts of Possession with Intent to Distribute Crack Cocaine in the amount of approximately 8.4 grams, the adjusted base offense level, pursuant to the recently amended version of § 2D1.1, is 24. U.S.S.G. § 2D1.1(c)(8). Combining this base offense level with the three-level downward departure applied by the Court at Cornish's original sentencing results in a new total offense level of 21. The Court bases its sentence reduction on the guideline range of 70-87 months, which corresponds to the now-applicable total offense level of 21 and the previously determined Criminal History Category of level V. The Court will adjust the new sentence that it will impose upon Cornish in

the same manner as the sentence imposed on October 28, 2005.  As such, due to its prior analysis of 18 U.S.C. § 3553, the Court again sentences Cornish to the upper range of the offense level, specifically 87 months.

Accordingly,

**IT IS** on this 25th day of June, 2008,

**ORDERED** that Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket items #24 & #29] be and hereby is **GRANTED**; and it is further

**ORDERED** that the sentence imposed on Charles Cornish on October 28, 2005 for the offenses of two counts of Possession with Intent to Distribute Crack Cocaine [docket item #23] be and hereby is reduced to a term of 87 months; and it is further

**ORDERED** that the Judgment entered by the Court on October 28, 2005 in this case [docket item # 23] remains otherwise unchanged and in effect.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge